UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENDLETON CORRECTIONAL FACILITY, et )<br>al. )<br>)<br>Defendants. ) | No. 1:21-cv-01876-JPH-DML |

**ORDER SCREENING THE COMPLAINT**

James Phillips is an Indiana prisoner confined to Pendleton Correctional Facility. He claims the defendants have violated his Eighth Amendment rights by prohibiting prisoners in disciplinary and administrative segregation from possessing personal fans, refusing to open windows to improve ventilation, and failing to run air conditioning or otherwise cool his housing unit. Because Mr. Phillips is a prisoner, the Court must screen his complaint before directing service on the defendants.

**I. SCREENING STANDARD**

The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints

are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE COMPLAINT

The complaint names Pendleton Correctional Facility, Warden Reagal, Capt. Boldman, Lt. Pleefer, and D. Davis as the defendants. Mr. Phillips seeks compensatory and punitive damages and injunctive relief.

Mr. Phillips is in segregation in G-Cell House at Pendleton Correctional Facility ("GCH"). His cell is on the top range of the unit and frequently becomes overheated. GCH does not have air conditioning, and there is poor ventilation because the windows are often closed.

Warden Reagal has prohibited prisoners in disciplinary and administrative segregation from possessing personal fans, which is the only means Mr. Phillips has of combatting the extreme heat in his cell. Capt. Boldman and Lt. Pleefer supervise GCH. They have enforced Warden Reagal's fan policy without making other accommodations to maintain habitable conditions, such as opening windows or otherwise improving ventilation. Davis works in the property room and personally confiscated Mr. Phillips' fans.

As a result, the conditions of Mr. Phillips' confinement have deteriorated dramatically. He has passed out twice from heat stroke and is unable to sleep. When he does sleep, he suffers night terrors. He sweats profusely in his small and overheated cell, which has negatively impacted his personal hygiene and subjected him to foul odors. The defendants know about these conditions and have not taken actions within their authority to remedy them.

### III. DISCUSSION

Mr. Davis' Eighth Amendment conditions of confinement claims **shall proceed** against Warden Reagal, Capt. Boldman, Lt. Pleefer, and D. Davis. His claims for damages shall proceed against these defendants in their individual capacities. His claims for injunctive relief shall proceed against Warden Reagal in his official capacity. Mr. Davis' claims against Pendleton Correctional Facility are **dismissed** because a prison is not a suable entity under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

This summary includes all viable claims identified by the Court. If Mr. Phillips believes his complaint states additional viable claims, he has through **October 29, 2021**, to notify the Court of these additional claims.

### IV. SUMMARY AND SERVICE OF PROCESS

Mr. Davis's Eighth Amendment conditions of confinement claims **shall proceed** against Warden Reagal, Capt. Boldman, Lt. Pleefer, and D. Davis. His claims for damages shall proceed against these defendants in their individual capacities. His claims for injunctive relief shall proceed against Warden Reagal in his official capacity. All other claims and defendants are dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Warden Reagal, Capt. Boldman, Lt. Pleefer, and D. Davis in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **clerk is directed** to terminate Pendleton Correctional Facility as a defendant on the docket.

Mr. Davis' motions for court assistance, inquiring as to whether the Court received his complaint, dkt. [6] [7], are **granted to the extent** that the Court issues this Order.

**SO ORDERED**.

Date: 10/6/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to the Following IDOC Defendants at Pendleton Correctional Facility

    Warden Reagal
    Capt. Boldman
    Lt. Pleefer
    D. Davis