UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01876-JPH-DML |
| | ) |
| REAGAL, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

James Phillips has filed a motion for default judgment, arguing that he has not received the defendants' initial disclosures. For the reasons explained below, the motion for default judgment is **DENIED**.

**I. LEGAL STANDARD**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default judgment should not be a "ready response to all litigant misbehavior." *Comercia Bank v. Esposito*, 215 Fed. App'x 506, 508 (7th Cir. 2007) (quoting *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir.1995)). In ruling on a motion for default judgment, courts consider whether the defendants "exhibited a willful refusal to litigate the case properly," *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003), the "proportionality of the sanction to [the defaulting party's] conduct, [and] the choice of a default judgment over other available sanctions." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir.1994).

## II. BACKGROUND

Mr. Phillips is proceeding against the defendants on unconstitutional conditions of confinement claims under the Eighth Amendment. His complaint makes the following allegations:

> Mr. Phillips is in segregation in G-Cell House at Pendleton Correctional Facility ("GCH"). His cell is on the top range of the unit and frequently becomes overheated. GCH does not have air conditioning, and there is poor ventilation because the windows are often closed. Warden Reagal has prohibited prisoners in disciplinary and administrative segregation from possessing personal fans, which is the only means Mr. Phillips has of combatting the extreme heat in his cell. Capt. Boldman and Lt. Pleefer supervise GCH. They have enforced Warden Reagal's fan policy without making other accommodations to maintain habitable conditions, such as opening windows or otherwise improving ventilation. Davis works in the property room and personally confiscated Mr. Phillips' fans. As a result, the conditions of Mr. Phillips' confinement have deteriorated dramatically. He has passed out twice from heat stroke and is unable to sleep. When he does sleep, he suffers night terrors. He sweats profusely in his small and overheated cell, which has negatively impacted his personal hygiene and subjected him to foul odors. The defendants know about these conditions and have not taken actions within their authority to remedy them.

Dkt. 8, p. 2 (screening order).

The Court issued a Notice of Lawsuit and Request for Waiver of Summons to the defendants on October 6, 2021. Dkts. 9, 10. The defendants appeared by counsel and waived service on November 5, 2021, and answered the complaint on December 6, 2021. Dkts. 11-14. They appeared at a discovery conference before the Magistrate Judge on February 24, 2022. Dkt. 25. They filed a timely response in opposition to Mr. Phillips' motion for default judgment on April 13, 2022. Dkt. 28. And they filed a timely Notice Regarding Settlement Conference on May 9, 2022. Dkt. 31.

In his motion for default judgment, Mr. Phillips states that he has not received the defendants' initial disclosures, which were due on February 7, 2022. *See* dkt. 15, pp. 1-2 (pretrial schedule). In response, the defendants state that they mailed 1,852 pages of initial disclosures to Mr. Phillips' correctional facility on February 7, 2022. Dkt. 28, paras. 1-3. They have produced an email from the Indiana Attorney General Office's printing contractor indicating that the initial disclosures were mailed to Mr. Phillips' facility. Dkt. 28-1. They have also produced a Notice of Report of Action Taken on Correspondence form, purportedly signed by Mr. Phillips, for legal mail that was postmarked February 7, 2022. Dkt. 28-2, p. 7. In his reply, Mr. Phillips suggests that the signature on this form may not be his and that he still has not received his initial disclosures. Dkt. 32, paras. 1-2.

### III. DISCUSSION

The motion for default judgment, dkt. [27], is **DENIED**. There is no evidence that the defendants have "failed to plead or otherwise defend" this lawsuit. Fed. R. Civ. P. 55(a). To the contrary, the record shows that they have acted diligently by appearing in this action, answering the complaint, responding to motions, and complying with the deadlines set forth in the pretrial schedule. Any issues with the receipt of Mr. Phillips' initial disclosures cannot be attributed to the defendants.

The Court **orders** the defendants to resend their initial disclosures to Mr. Phillips by **June 1, 2022**.

**SO ORDERED**.

3

Date: 5/25/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

4