UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES E. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01876-JPH-KMB |
| | ) | |
| REAGAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motions for Preliminary Injunction**

Plaintiff James Phillips, who is incarcerated at Pendleton Correctional Facility ("PCF"), alleges in this civil rights lawsuit that the defendants have subjected him to unconstitutional conditions of confinement. Mr. Phillips has filed two motions for a preliminary injunction asking for myriad relief against the defendants and other correctional officers at Pendleton. For the following reasons, the motions for a preliminary injunction are **DENIED**.

## I. Background

The claims proceeding in this action are Mr. Phillips's claims that the defendants violated his Eighth Amendment rights by prohibiting prisoners in disciplinary and administrative segregation from possessing personal fans, refusing to open windows to improve ventilation, and failing to run air conditioning or otherwise cool his housing unit. In his motion for a preliminary injunction, Mr. Phillips asks for an order separating him from the defendants and other correctional officers and directing those individuals not to harass him, search his cell, steal his legal work, write him up on bogus conduct reports, or target or single him out. Dkt. 47. Mr. Phillips alleges in his supplement in support of his motion that these individuals have harassed and mistreated him in

1

these ways. In his more recent motion for a preliminary injunction, Mr. Phillips contends that the funds in his inmate trust account have been mishandled. Dkt. 80.

## II. Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To meet the threshold showing of a preliminary injunction, Mr. Walker first must show that "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Mr. Phillips is proceeding on claims regarding the conditions of his confinement in administrative segregation, not claims based on alleged harassment, retaliation, confiscation of legal documents, or other mistreatment. Further, many of the correctional officers from which he seeks injunctive relief not defendants in this action. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) (observing that "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures*

2

*Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Accordingly, Mr. Phillips cannot obtain the injunctive relief he seeks.

### IV. Conclusion

For the foregoing reasons, Mr. Phillips's motions for a preliminary injunction, dkt. [47], and dkt. [80], are **DENIED**. This ruling does not prevent Mr. Phillips from filing a lawsuit regarding the claims alleged in his motions after exhausting his available administrative remedies and seeking any appropriate relief in that case. In fact, it appears that Mr. Phillips has since filed a lawsuit alleging many of the facts he asserts in his motions for a preliminary injunction. *See Phillips v. Reagal, et al.*, 1:22-cv-2184-SEB-MG.

**SO ORDERED.**

Date: 12/2/2022

                                                James Patrick Hanlon
                                                United States District Judge
                                                Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel