UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01876-JPH-KMB |
| | ) |
| REAGAL Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR
RECONSIDERATION AND MOTION FOR ASSISTANCE
WITH RECRUITING COUNSEL**

This case is proceeding with Eighth Amendment claims against Captain Boldman and Lieutenant Pfleeger based on James Phillips' allegations that they deliberately subjected him to excessive temperatures within his cell block. Mr. Phillips filed this case pro se and litigated it on his own until September 2022. On August 31, 2022, the Court granted Mr. Phillips' motion to appoint counsel in the order partially denying summary judgment. Dkt. 100. Attorney Cheyna Galloway was appointed to represent Mr. Phillips, and she continued to represent him for more than a year until the Court granted her motion to withdraw on January 10, 2025. Dkt. 150.

In her motion to withdraw, Attorney Galloway cited a "severe and irrevocable breakdown in communication" with her client and that "Mr. Phillips has demonstrated a personal incompatibility with Ms. Galloway and has expressed substantial disagreements with Ms. Galloway on litigation strategy." Dkt. 147 at 1-2. Mr. Phillips has now filed a motion to reconsider the Court's

1

order granting her withdrawal, dkt. 152, and a motion to recruit additional counsel for trial, dkt. 154.

## I.     Applicable Law

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citations omitted). They may be appropriate when the court has patently misunderstood a party, ruled on an issue outside the adversarial process, or made an error of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). They are not appropriate, however, for rearguing previously rejected arguments. *Caisse Nationale*, 90 F.3d at 1269.

## II.     Analysis

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

On January 15, Mr. Phillips filed a motion for reconsideration, arguing that he and Ms. Galloway only disagreed when discussing the defendants' settlement offers which he viewed as unreasonable. Dkt. 152. Further, he argues that because he believed the parties could agree on a trial strategy, the Court should deny Ms. Galloway's withdrawal motion. When Mr. Phillips asked the Court to appoint counsel, he acknowledged that "it is usually counsel's choice as to the strategies used to accomplish" the objectives of the litigation, and he agreed to "fully cooperate with recruited counsel." Dkt. 26. Based on the information provided in Ms. Galloway's motion, Mr. Phillips' conduct was not consistent with that agreement.

The Court is grateful to recruited counsel for her service in this action. The docket reflects a competent, dedicated representation. Additionally, the Court is mindful that recruited counsel has served diligently for this matter, spending over 100 hours on this matter before she moved to withdraw. Dkt. 147 at 1.

The Court further notes that Mr. Phillips' claim is straightforward and does not present complex issues of law or fact. Dkt. 34. He previously prepared cogent filings and the Court found that he was competent to represent himself. *Id.* After granting in part and denying in part Defendants' motion for summary judgment, dkt. 100, the Court appointed counsel to represent Mr. Phillips. Dkt. 105; dkt. 109; dkt. 112. This decision was based on the Court's preference to have a prisoner represented by

recruited counsel for the purpose of settlement conferences and/or trial, not any finding that Mr. Phillips was not capable of representing himself.

There is no manifest error in the Court's decision to not reappoint Ms. Galloway or new counsel to Mr. Phillips, and reconsideration is unwarranted. Litigants do not have a right to counsel in civil cases; it is a privilege. *See Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (en banc). And district judges need not recruit new counsel to litigants who squander this privilege by refusing to cooperate with their lawyers. *See Dupree v. Hardy*, 859 F.3d 458, 462–63 (7th Cir. 2017); *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers). Mr. Phillips is expected to litigate the remainder of the case pro se.

His motion for reconsideration, dkt. 152, and motion for assistance recruiting counsel, dkt. 154, are **DENIED**.

### III. Conclusion

Mr. Phillips' motion for reconsideration, dkt. [152], and motion for assistance recruiting counsel, dkt. [154], are **DENIED**.

The trial in this matter has been rescheduled to August 13, 2025, and the previous trial deadlines vacated. Accordingly, Mr. Phillips motion in limine for trial rules, dkt. [153], is **DENIED as moot**. Mr. Phillips may file his motion pursuant to the new pre-trial deadlines when they are set.

**SO ORDERED.**

Date: 2/12/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY – CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

All electronically registered counsel

Case 1:21-cv-01876-JPH-KMB   Document 157   Filed 02/12/25   Page 5 of 5 PageID #: 760